**Joy Bertrand, Esq.**
joyous@mailbag.com
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone:  480-656-3919
Fax:  480-361-4694
www.joybertrandlaw.com
Arizona State Bar No. 24181

ATTORNEY FOR:  PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SHAWN ANITA SANDERS,<br>        Plaintiff,<br><br>v.<br><br>CITY OF SCOTTSDALE;<br>ALAN G. RODBELL, CHIEF,<br>SCOTTSDALE POLICE DEPARTMENT;<br>JEFFERY WALTHER;<br>        Defendants. | 09-CV-2250-PHX-SRB<br><br>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

   NOW COMES the Plaintiff, Shawn Anita Sanders, by her attorney, Joy Bertrand, to move this Court for leave to amend her complaint (ECF Doc. 1) in this matter, pursuant to Fed. R. Civ. Pro. 15.  As further grounds therefore, she submits the following:

**I.     Proposed Amendments**

The Proposed Amended Complaint, with the proposed changes redlined, per L. Civ. R. 15.1, is attached to this Motion as an exhibit.  The substantive changes set forth in the proposed Amended Complaint are as follows[1]:

**Caption:**            added, "Mark Clark"

**Introduction:**       added, "Supervisor Sgt. Mark Clark of the City of Scottsdale Police."

**Paragraph 5:**        added "Mark Clark is a Sergeant with the Scottsdale, who supervised Sanders."

**Paragraph 18:**       changed to read, "Sanders' direct supervisor, Sgt. Clark would make racially derogatory comments.  For example, if Sanders raised concerns about the hostile environment, Clark would reply"

**Paragraph 19:**       changed to read, "When Sanders challenged Clark about those phrases, Clark said …"

**Paragraph 26 (a):**   changed from "sons" to read, "children"

**Paragraph 28:**       changed from "six months after she left" to read, "one year after she left"

**Paragraph 35(b):**    added "and digestive disorders" and changed from "requires" to "require".

**Paragraph 35(c):**    changed "six months" to "one year".

---

[1] The signature date of the Proposed Amended Complaint is changed from the original Complaint filing date to comport with its filing date.

**Remedies Sought:** added "reinstatement as Public Information Officer for the City of Scottsdale Police Department" and renumbered subparagraphs accordingly.

## II. These Changes are Permitted by the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15(2) provides, *inter alia*, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The court can consider may factors in exercising its discretion to permit a party to amend its complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (quoting *Foman v. Davis*,  371 U.S. 178, 182 (1962)).  These factors include, but are not limited to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.  *Foman,* 371 U.S. at 182.

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).  The decision of whether or not to grant leave to amend under Rule 15(a) is within the sound discretion of the district court. *California v. Neville Chem. Co., 358* F.3d 661, 673 (9th Cir.2004).

As the Ninth Circuit has noted, the touchstone of the Rule 15(a) inquiry is whether the proposed amendment would unfairly prejudice the defendant.  *Eminence Capital,* 316 F.3d at 1052.  The party who opposes the amendment bears the burden of demonstrating the prejudice.  *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987).

Here, the Plaintiff has not yet served the Defendants, because she wanted to make the above corrections to her Complaint. She would rather confirm the accuracy of her Complaint at the outset of this case, and then give the Defendants the best opportunity to thoroughly respond to it. Therefore the *Foman* considerations regarding untimeliness or undue delay do not apply in this circumstance.

Additionally, the proposed Amended Complaint is the first time the Plaintiff has asked to change her Complaint. Therefore, the *Foman* consideration of previous attempts to cure any alleged deficiency does not apply. Most importantly, the proposed Amended Complaint also does not prejudice the Defendants. The additions to the Complaint involve the same set of facts, during the same time period, as already alleged by the Plaintiff. The proposed Amended Complaint is submitted early in the case, just as the parties are beginning discovery. The Defendants will have ample time and opportunity to develop any counter to these additional statements.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully asks this Court to grant leave for her to file her proposed, lodged Amended Complaint.

The Court will find attached a proposed order.

Respectfully submitted this Fifth day of January, 2010.

                                                s/Joy Bertrand
                                                Joy Bertrand
                                                Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, Joy Bertrand, attorney for the Plaintiff, hereby certify that on January 5, 2010, I filed the attached Motion for Leave to File Amended Complaint with the District of Arizona via ECF. A courtesy copy will be filed with the Court *via* email.

s/Joy Bertrand<br>
Attorney for the Plaintiff